IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAWN T. USRY,     *
          *
  Plaintiffs,    *
          *
v.         * CIVIL ACTION NO:
          *
MICHAEL A. CLARK, TODD RIELLY, *
and FUSIONETICS, LLC,   *
          * **JURY TRIAL DEMANDED**
  Defendants.    *

## COMPLAINT

Comes now, the above-named Plaintiff, and files his Complaint against the above-named Defendants on the following grounds:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of wage and overtime laws. In addition, this is an action under Georgia law for breach of contract, or, in the alternative, quantum meruit, punitive damages, and for litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

The jurisdiction of this Court over the Plaintiff's state law claims is invoked pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.

The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the Plaintiff's Georgia state law claims.

5.

Defendant Michael A. Clark is the Chief Executive Officer and an owner of Defendant Fusionetics, LLC (hereinafter referred to as "Fusionetics").

6.

Defendant Todd Rielly is the Chief Operating Office and/or Chief Financial Officer of the Fusionetics.

7.

Defendant Clark is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

8.

Defendant Rielly is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

9.

Defendants are an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

10.

Defendants are an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

11.

Defendants "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate or international] commerce by any person" as defined by 29 U.S.C. § 203(s).

12.

Defendants have an "annual gross volume of sales made or business done [of] not less than $500,000" as defined by 29 U.S.C. § 203(s).

13.

Plaintiff is an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

14.

Since approximately May of 2020 to the present, Plaintiff has been employed by Defendants.

15.

Defendants are subject to the wage and hour and overtime provisions under the FLSA.

16.

Defendant Clark resides in the State of Georgia.

17.

This Court has personal jurisdiction over Defendant Clark.

18.

Defendant Rielly resides in the State of Georgia.

19.

This Court has personal jurisdiction over Defendant Rielly.

20.

Defendant Fusionetics is a Delaware limited liability company registered to do business within the State of Georgia, with its principal place of business at 15800 Birmingham Highway, Building 200, Milton, Fulton County, Georgia, 30004.

21.

Defendant Fusionetics' registered agent is Maximilan Mueller, and maintains its registered address at 15800 Birmingham Highway, Building 200, Milton, Fulton County, Georgia, 30004.

22.

This Court has personal jurisdiction over Defendant Fusionetics.

**VENUE**

23.

Defendants reside within the Atlanta Division of the Northern District of Georgia.

24.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

25.

Venue in the Atlanta Division of the Northern District of Georgia is proper for the Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

26.

The Plaintiff is an employee of Defendant residing in the State of Minnesota.

27.

Defendant Clark may be served with summons and process at 525 Tullamore Way, Alpharetta, Fulton County, Georgia 30004 or at 15800 Birmingham Highway, Building 200, Milton, Fulton County, Georgia, 30004.

28.

Defendant Rielly may be served with summons and process at 232 Affirmed Court, Fulton County, Alpharetta, Georgia 30004, or at 15800 Birmingham Highway, Building 200, Milton, Fulton County, Georgia, 30004.

29.

Defendant Fusionetics may be served with summons and process upon Maximilan Mueller, and at its registered address at 15800 Birmingham Highway, Building 200, Milton, Fulton County, Georgia, 30004, or Defendant Clark at 525 Tullamore Way, Alpharetta, Fulton County, Georgia 30004 or at 15800 Birmingham Highway, Building 200, Milton, Fulton County, Georgia, 30004.

**FACTS**

30.

Defendant Fusionetics is in the business of designing and developing healthcare platforms, offering injury prediction, recovery, athlete management system, medical research, and

analysis services to patients throughout the United States of America.

31.

Defendant Clark is the Chief Executive Officer and an owner of Defendant Fusionetics.

32.

Defendant Clark maintains operational control of Defendant Fusionetics.

33.

Defendant Clark controls, oversees, and directs the day-to-day operation of Defendant Fusionetics, including the terms and conditions of the Plaintiff's' employment.

34.

Defendant Clark's operational control includes establishing the compensation of employees, including the decision to pay the Plaintiff.

35.

Defendant Clark's operational control includes establishing the assignments performed by employees, including the Plaintiff's work assignments.

36.

Defendant Clark's operational control includes overseeing the work performed by the Plaintiff.

37.

Defendant Rielly is the Chief Operating Officer and/or Chief Financial Officer of Defendant Fusionetics.

38.

Defendant Rielly maintains operational control of Defendant Fusionetics.

39.

Defendant Rielly controls, oversees, and directs the day-to-day operation of Defendant Fusionetics, including the terms and conditions of the Plaintiff's employment.

40.

Defendant Rielly's operational control includes establishing the compensation of employees, including the decision to pay the Plaintiff.

41.

Defendant Rielly's operational control includes establishing the assignments performed by employees, including the Plaintiff's work assignments.

42.

Defendant Rielly's operational control includes overseeing the work performed by the Plaintiff.

43.

Since approximately May of 2020 to the present, Plaintiff has been employed by Defendants as a technical support engineer, performing software and hardware support for Defendants.

44.

Throughout his employment with Defendants, Plaintiff was an employee of Defendants as defined by the FLSA.

45.

During his employment with Defendants, Plaintiff was paid a salary and hourly rate at different time periods.

46.

From approximately May of 2020 through March of 2021, Defendants agreed to pay the Plaintiff an annual salary of $139,000.00 or a bimonthly salary of $5,791.67.

47.

The Defendants' pay method is to pay employees twice a month, on the 16th and 30th of each month.

48.

For the pay period of November 1, 2020 through November 15, 2020, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

49.

For the pay period of November 16, 2020 through November 30, 2020, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

50.

For the pay period of December 1, 2020 through December 15, 2020, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

51.

For the pay period of January 1, 2021 through January 15, 2021, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

52.

For the pay period of February 1, 2021 through February 15, 2021, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

Case 1:22-cv-04327-AT   Document 1-2   Filed 10/31/22   Page 11 of 20

53.

For the pay period of February 16, 2021 through February 28, 2021, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

54.

For the pay period of March 1, 2021 through March 15, 2021, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

55.

For the pay period of March 16, 2021 through March 30, 2021, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

56.

For the pay period of April 1, 2021 through April 15, 2021, the Defendants have failed to pay the Plaintiff his wages in the amount of $5,791.67.

57.

From approximately August 2022 through the present, Defendants agreed to pay the Plaintiff an hourly rate based on an hourly rate of $85.00.

58.

For the pay period of August 16, 2022 through August 31, 2022, the Plaintiff worked forty-one (41) hours, for which Defendants have failed to pay the Plaintiff his wages in the amount of $3,485.00.

59.

For the pay period of September 1, 2022 through September 15, 2022, the Plaintiff worked thirty-five (35) hours, for which Defendants have failed to pay the Plaintiff his wages in the amount of $2,975.00.

60.

For the pay period of September 16, 2022 through September 30, 2022, the Plaintiff worked twenty (20) hours, for which Defendants have failed to pay the Plaintiff his wages in the amount of $1,700.00.

61.

For the pay period of October 1, 2022 through October 15, 2022, the Plaintiff worked twenty (20) hours, for which Defendants have failed to pay the Plaintiff his wages in the amount of $1,700.00.

62.

The Plaintiff performed services for the Defendants for the time periods identified above for which he was not paid.

63.

Plaintiff is due retroactive payments in the amount of $61,985.03 for wages, and liquidated damages in the amount of $61,985.03 as required by the FLSA.

64.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

65.

Defendants knew that their conduct violated the FLSA or showed reckless disregard as to whether their conduct violated the FLSA.

**COUNT ONE:   FLSA FAILURE TO PAY WAGES**

66.

Plaintiff incorporates herein paragraphs 1 through 65 of his Complaint.

67.

From approximately May of 2020 through March of 2021, Defendants agreed to pay the Plaintiff an annual salary of $139,000.00 or a bimonthly salary of $5,791.67.

68.

Pursuant to 29 C.F.R. § 541.602(a), the Defendants were required to pay the Plaintiff a regularly received salary without deductions.

69.

Defendants failed to pay the required salary to the Plaintiff in the amount of $52,125.03.

70.

From approximately August 2022 through the present, Defendants agreed to pay the Plaintiff an hourly rate based on an hourly rate of $85.00.

71.

From approximately August 2022 through the present, the FLSA required the Defendants to pay the Plaintiff the agreed-upon hourly rate.

72.

From approximately August 2022 through the present, Defendants failed to pay the required wages to the Plaintiff in the amount of $9,860.00, as required by the FLSA.

-14-

### COUNT TWO:   FLSA LIQUIDATED DAMAGES

#### 73.

Plaintiff incorporates herein paragraphs 1 through 72 of his Complaint.

#### 74.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

### COUNT THREE:   BREACH OF CONTRACT

#### 75.

Plaintiff incorporates herein paragraphs 1 through 74 of his Complaint.

#### 76.

The Plaintiff worked for Defendant Fusionetics pursuant to an agreement.

#### 77.

Defendant Fusionetics violated the contract by failing to pay Plaintiff his earned wages and income.

#### 78.

Defendant Fusionetics has breached its agreement with Plaintiff.

-15-

**COUNT FOUR:   QUANTUM MERUIT**

79.

Plaintiff incorporates herein paragraphs 1 through 78 of his Complaint.

80.

Plaintiff provided services for Defendant Fusionetics by working for Defendant Fusionetics as required by Defendant Fusionetics.

81.

The services provided by Plaintiff were valuable to Defendant Fusionetics.

82.

Defendant Fusionetics accepted and benefited from the services provided by Plaintiff on behalf of Defendant Fusionetics.

83.

Defendant Fusionetics' receipt of Plaintiff's services without compensation would be unjust.

84.

Defendant Fusionetics promised to pay Plaintiff the reasonable value for his services.

85.

Plaintiff expected to be compensated for the services he provided Defendant Fusionetics.

86.

Plaintiff is entitled to recover from Defendant Fusionetics the reasonable value of the services provided on behalf of Defendant Fusionetics.

**COUNT FIVE:  PUNITIVE DAMAGES**

87.

Plaintiff incorporates herein paragraphs 1 through 86 of his Complaint.

88.

Defendant Fusionetics' actions against Plaintiff demonstrate wanton and willful misconduct involving malice and a conscious disregard of the consequences of its actions suffered by Plaintiff and entitling him to an award of punitive damages.

**COUNT SIX:  COSTS AND ATTORNEYS' FEES**

89.

Plaintiff incorporates herein paragraphs 1 through 88 of his Complaint.

90.

Defendant Fusionetics has refused to comply with the terms of the contract.

91.

To date, Defendant Fusionetics has failed to pay Plaintiff the monies owed to him.

92.

Defendant Fusionetics has breached the agreement with Plaintiff.

93.

The actions of Defendant Fusionetics have been made in bad faith and have caused Plaintiff unnecessary trouble and expense, such as to authorize the imposition of an award of litigation expenses and attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

94.

Wherefore, the Plaintiff prays for a judgment as follows:

1.  That the Court grant full back pay for unpaid wages owed to the Plaintiff;

2.  That the Court grant Plaintiff liquidated damages under the FLSA;

3.  That the Court grant Plaintiff compensatory and punitive damages;

4.  That the Court grant Plaintiff pre-judgment interest;

5.  That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;

6.  That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA and/or O.C.G.A. § 13-6-11;

7.  That the Court grant Plaintiff a jury trial;

8.  That the Court hold the Defendants jointly and severally liable;

9.  That the Court grant Plaintiff all other relief the Court deems just and proper; and

10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further violations of the FLSA.

Respectfully submitted this 31st day of October 2022.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiff
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net